NEWMAN, Circuit Judge,
dissenting.
This case should have been resolved without litigation. The government admits that it violated its Settlement Agreement with Mr. Gallegos, yet refuses to correct its violation, on the theory that since Mr. Gallegos did not recognize the code by which the violation was achieved, the government has no obligation to correct the violation.
Mr. Gallegos requests that his SF-50 form be corrected to comply with the Agreement. The government refuses even now to make this simple correction, to remove this blight on Mr. Gallegos’ record. My" colleagues on this panel place the fault not on the government for violating the Agreement, but on Mr. Gallegos for not discovering the violation when it occurred. I respectfully dissent.
Disoussion
Mr. Gallegos and the government entered into a. Settlement Agreement that the “removal action will be substituted with a voluntary resignation,” and that a new SF-50 form would be prepared to “effectuate the resignation.” Settlement Agreement at 2. A new SF-50 was issued, stating “Resignation ILIA.” Mr. Gallegos did not decipher the code word “ILIA.” The question before us is not how this noncompliance arose; the question is whether it will be corrected. My colleagues hold that Mr, Gallegos cannot obtain correction because he did not request correction immediately. Thus the government argues, and my colleagues affirm, that the violation of the Agreement will not be remedied.
The initials ILIA are apparently recognized by personnel officials as “in lieu of involuntary action”—the information prohibited by the Settlement Agreement, which states:
The removal action will be substituted with a voluntary resignation. Appellant’s resignation will be effective on September 29, 2000, which is the date on which the reassignment became effective. The Appellant will be provided with a Standard Form-52, Request for Personnel Action. The Appellant must indicate the *1344 reasons for his resignation on the SF-52 form. In order to continue receiving severance pay, appellant must also state that “Due to personal considerations, I am unable to relocate to San Antonio, Terns,” The SF-52 will be dated September 29, .2000. The information in the SF-52 form will be used to prepare the Notification of Personnel Action or SF-50 to effectuate the resignation. Appellant will be provided with a copy of the revised SF-50 for inspection, and will notify the Agency of any concerns within 15 days of receipt of the form.
Settlement Agreement at 2. The Board holds that since Mr. Gallegos was given a copy of the improperly coded SF-50 at the time of his separation, he was required to object within 15 days or forever remain silent. However, such an obligation does not arise when the error is not readily recognizable. Technical knowledge of the ILIA acronym cannot be imputed, at least in the absence of any reason to be suspicious that the government would undermine its Agreement, even by clerical error.
Mr. Gallegos filed this petition about two months after he confirmed the violation. A petition for enforcement should be filed within a “reasonable time” following actual knowledge of breach of the Agreement. Kasarsky v. MSPB, 296 F.3d 1331, 1335 (Fed. Cir. 2002). Mr. Gallegos did so. Yet the government refuses to correct the SF-50, although the breach is not denied.
In justice, correction is required, and could easily have been implemented without this extended litigation. It is unconscionable to refuse to correct the form. I respectfully dissent.